IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JASON DAL WHEAT
ADC#128995                                                                                              PLAINTIFF

V.                              Case No. 5:05CV00087 JMM/JFF

JOHN MILTON                                                                                            DEFENDANT

### ORDER

On July 18, 2005, the Magistrate Judge assigned to this matter issued a Proposed Partial Recommended Disposition (docket entry #6) recommending that the undersigned deny Plaintiff's Motion for Preliminary Injunctive Relief in which Plaintiff alleged that he had been threatened by Defendant Milton for his use of the inmate grievance process, and that he feared further acts of retaliation would befall him for the filing of this civil suit.  No objections were received from the Plaintiff, and the Partial Recommended Disposition was adopted by the Court in an Order entered on August 4, 2005 (docket entry #12) upon the finding that Plaintiff had failed to show irreparable harm, and therefore, he was not entitled to injunctive relief.

The Magistrate received a letter in chambers[1] from the Plaintiff dated August 12, 2005, in which the Plaintiff states that he completed and returned to the Court objections to the Magistrate's Proposed Recommended Disposition, and he requests that a hearing be set so that he may present facts to support his motion for injunctive relief, which has been denied.  There having been no proof offered to the Court to support Plaintiff's allegation that he timely mailed

---

[1] The letter has been placed in the correspondence section of the Court's file.

objections to the Court in response to the Proposed Partial Recommended Disposition, there is no basis for the Court to revisit the findings and conclusions adopted by the Order of August 4, 2005 denying Plaintiff's Motion for Preliminary Injunctive Relief.

Notwithstanding, even if the Court were to consider the additional information set forth in the Plaintiff's letter, the Court finds that Plaintiff still has not satisfied the irreparable harm standard of *Dataphase Systems, Inc. v. C.L. Systems*, 640 F.2d 109 (8th Cir. 1981). In his letter, Plaintiff requests that the Court order polygraph tests to substantiate his allegation that has been threatened for his use of the inmate grievance process. Plaintiff attached to his letter a statement from his cell-mate, Michael Painter, that states on July 30, 2005, Sergeant D. Hill, who is not a named Defendant, told Painter that when his foot heals, Hill needs Painter to beat the hell out of his cell-mate, Jason Dal Wheat. When it is done, Hill stated he would put money on the books for Painter. First, the Court notes that service on Defendant Milton was returned unexecuted (docket entry #14) on August 4, 2005. There is no evidence to support the conclusion that Hill, who is not a named Defendant, has any knowledge of this pending litigation. Additionally, Plaintiff has not represented that he actually believes his cell-mate is going to beat him up at Hill's request. Accordingly, the Court's August 4, 2005 Order stands.

IT IS SO ORDERED this   12   day of September 2005.

_____
James M. Moody
United States District Judge